UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**PAINTERS LOCAL 802 PENSION FUND,**
**PAINTERS LOCAL 802 HEALTH FUND and**
**PAINTERS LOCAL 802 APPRENTICESHIP FUND**
**and JEFF MEHRHOFF (in his capacity as Trustee)**

                                               **Plaintiffs,**

   **v.**                                                                               Case No. 20-cv-198

**EAGLE RIVER PAINT AND STAIN, LLC,**

                      **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm S.C, by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant Eagle River Paint and Stain, LLC., (hereinafter Eagle River), is founded upon section 502 and section 301(a) of the Labor Management Relations Act of 1947 (hereafter "LMRA") as amended (29 U.S.C. §185(a)) of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer

Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiffs are administered at the offices in Waukesha County Wisconsin.

## Parties

3. Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund and Painters Local 802 Apprenticeship are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said plans. Said plans maintain offices at 5375 King James Way, Fitchburg, WI 53719.

4. Jeff Mehrhoff is a trustee and beneficiary of the Painters Local 802 Pension Fund and as such he standing to be a plaintiff in this action. Mr. Mehrhoff maintains offices at 5375 King James Way, Fitchburg, WI 53719 .

5. Eagle River, is a foreign corporation, engaged in business, with principal offices located at 5060 Wilsch Road, Conover, WI 54519. Its registered agent for service of process if Tyson Fitzpatrick, 2800 East Enterprise Ave., Suite 333, Appleton, Wisconsin 54913.

## Facts

6. For all times relevant, Eagle River, was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Painters' Union (hereinafter collectively referred to as "the Unions")

7. The Labor Agreements described herein contain provisions whereby Eagle River, agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

8. By execution of said Labor Agreements, Eagle River, adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

9. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Eagle River, has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiff Funds for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Funds pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the trustees in administering the Funds in accordance with the trust agreements

and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

10. Upon information and belief, Eagle River, has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the Unions as required by the Labor Agreements and trust agreements for all of Eagle River, covered employees; and

b. failing to accurately report employee work status to the Funds.

11. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as

-4-

> > may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

12. Despite demands that Eagle River perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that said Defendant has failed, neglected, omitted and refused to make those payments.  Eagle River, is now indebted to the Plaintiff Funds as follows:

**Audited Period August 2, 2018 to the present:**

| | |
|---|---|
| Painters Local 802 Pension Fund | Unknown |
| Painters Local 802 Health Fund | Unknown |
| Painters Local 802 Apprenticeship Fund | Unknown |

13. Defendant Eagle River has refused to submit to a standard audit by the representatives of the Plaintiff Funds despite the Funds' authority to perform such an audit.

**Claim One - Against Defendant J & L Installations, LLC**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

14. As and for a first claim for relief against Eagle River, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 13 above and incorporate the same as though fully set forth herein word-for-word.

15. Due demand has been made by the Funds upon Eagle River, for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

16. Because, as the Funds are informed and believe, Eagle River, has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Unions' trust funds is reduced, the Unions' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Unions' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

17. Because Eagle River, has failed to make timely and prompt contributions, some of the Unions' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Unions demand the following relief:

1. Judgment on behalf of the Unions and against the Defendant:

    A. For unpaid contributions, interest and liquidated damages for the period August 2, 2018 to the commencement of this action;

      B.      For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

      C.      Actual attorney fees and the costs of this action.

2. An order enjoining and restraining the Defendant, its corporate officers, employees, agents, bonding agents, and/or sureties, attorneys or any other acting on its behalf from collecting or converting any account receivable which is subject to any lien the Plaintiffs may have pursuant to section 779.02(5) of the Wisconsin Statutes, for improvements to and on real estate, until all employee wages and employee benefit fund contributions which have become due relative to said improvements for which the receivable was earned have been paid in full and all monies taken from the trust created by section 779.02(5) of the Wisconsin Statutes have been fully repaid.

3. An order requiring Defendant to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Eagle Rivers' accounts receivable. With respect to each account receivable, Defendant shall itemize:

      A.      The amount of each account receivable.

      B.      The period of time during which such receivable accrued.

      C.      The location of the premises upon which the work was performed.

      D.      The owner of the property on which Defendant performed work;

      E.      The individual or entity with whom Defendant was contractually liable to perform work;

      F.      The nature of the improvement involved for which the account receivable is due.

      G.      The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

4.      An order directing Eagle River, to submit to an audit of the company's books and records by the Unions' designated representative for the period August 2, 2018 to the present.

5.      The Court should retain jurisdiction pending compliance with its orders.

6.      For such other, further or different relief as the Court deems just and proper.

Dated this 4th day of March 2020.

s/Christopher J. Ahrens  
Christopher J. Ahrens (SBN: 1043237)  
**The Previant Law Firm, S.C.**  
310 West Wisconsin Avenue, Suite 100 MW  
Milwaukee, WI 53203  
414-271-4500 (Telephone)  
414-271-6308 (Fax)  
Email: cja@previant.com

Attorneys for Plaintiffs